AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

AUG 1 3 2024

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Apple iPhone: IMEI Unknown<br>(Subject Telephone ) | )<br>)<br>)<br>)<br>)    Case No. 24-1501MR |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Black Apple iPhone cell phone, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841 & 846 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Leiby Gonzalez Rodriguez, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__ electronic submission and telephonic swearing __ *(specify reliable electronic means)*.

Date: **August 13, 2024**

_____
*Judge's signature*

City and state:  Las Cruces, New Mexico

Jerry H. Ritter, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "Subject Telephone" to include any SIM cards found in or with the Subject Telephone. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone

Subject Telephone is a black, Apple iPhone which was seized from Cesar Eduardo PAVIA on July 26, 2024. Subject Telephone is currently in the custody of the Drug Enforcement Administration (DEA) El Paso Division Office (EPDO); however, at the time of swearing, Subject Telephone will be located in the District of New Mexico. Subject Telephone is depicted in the photographs below:



## ATTACHMENT B

### PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, in whatever format, stored on Subject Telephone described in **Attachment A** that are related to violations of 21 U.S.C. §§ 841 and 846 by Cesar Eduardo PAVIA, including:

1.  Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of customers, distributors, sources of supply and other associates of the user of the Subject Telephones;

2.  Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on, the Subject Telephones, along with the date and time each such communication occurred;

3.  Text message logs and text messages whether sent from, to, or drafted on, the Subject Telephones, along with the date and time each such communication occurred;

4.  The content of voice mail messages stored on the Subject Telephones, along with the date and time each such communication occurred;

5.  Photographs or video recordings;

6.  Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephones;

7.  Information relating to other methods of communications utilized by the user of the Subject Telephones and stored on the Subject Telephones;

8.  Bank records, checks, credit card bills, account information and other financial records; and

9.  Evidence of user attribution showing who used or owned the Subject Telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Leiby Gonzalez Rodriguez, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

2. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the El Paso Division Office. As a Special Agent, I am empowered by Title 21, Section 878 of the United States Code to effect arrests, searches, and seizures for violations of the federal narcotics laws. I have been a Special Agent since September 2023, during which time I have specialized in investigations involving narcotics trafficking. I was previously a Senior Probation Officer for approximately four years with the Florida Department of Corrections. I have received specialized training on the subject of narcotics trafficking and money laundering and have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances as well as methods used to finance narcotic transactions.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the

investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

4. Through my training and experience, I know that narcotics traffickers often maintain one or more cellular or smart phones which they utilize to further narcotics trafficking activities. Narcotics traffickers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their suppliers, distributors, and other co-conspirators. I know, based upon my training and experience, that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the importation, storage, transportation, and distribution of narcotics, as well as the subsequent laundering of the proceeds of these illegal activities. I further know through my training and experience, that drug trafficking organizations frequently compartmentalize mission critical information by ensuring that narcotics couriers transporting narcotics long distances rarely know the full details of their assignments in advance. As a result, couriers typically receive periodic coordinating instructions (e.g. pick-up locations, routes, drop-off locations, and details regarding remittances) from higher-echelon operatives via phone prior to the execution of those tasks, thus mitigating the risks associated with the apprehension of couriers by law enforcement.

5. I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain

contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to drug trafficking activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

6. I further know from my training and experience that a cache of information concerning drug trafficking activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat, etc. I know that the identities, telephone numbers, and usernames of other participants involved in narcotics trafficking activity are often maintained in contact lists on these devices, including in third-party social media and other applications. In my experience, narcotics traffickers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including narcotics, currency, and firearms. Narcotics traffickers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged narcotics related activities or travel, as well as establishing the identity of the user of the device based on the locations

Page 3

frequented.  In addition, narcotics traffickers can also use these devices to store information related to the financial transactions related to narcotics trafficking, such as drug ledgers and financial accounts and transactions and third-party applications such as CashApp, Venmo, ApplePay and Zelle.  In my experience, the devices used by narcotics traffickers often contain evidence relating to their narcotics trafficking activities including, but not limited to, contact lists, lists of recent call activity, messages, voicemails, photographs and video recordings, GPS and location information, and financial accounts and records.

## PROBABLE CAUSE

7.  The following information is based upon my personal knowledge as well as information provided by other federal officers and is presented as probable cause to search an Apple iPhone seized from Cesar Eduardo PAVIA (Subject Telephone), and any SIM card or other storage media contained.  I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone for evidence of violations of 21 U.S.C. §§ 841(a)(1) and 846.

8.  On July 26, 2024, DEA Special Agents (SAs) arrested Cesar Eduardo PAVIA (PAVIA) for possession with intent to distribute approximately 41.8 kilograms of methamphetamine. The methamphetamine was concealed inside the gas tank in PAVIA's vehicle. Subject Telephone was seized from PAVIA following his arrest.

9.  PAVIA admitted that he made an agreement with a co-conspirator to transport cocaine from El Paso, Texas to Colorado for a payment of approximately $3,000 United States Dollars (USD). PAVIA stated he was communicating with the co-conspirator utilizing Subject Telephone. When DEA agents asked PAVIA for consent to search Subject

Page 4

Telephone, PAVIA denied consent and only allowed DEA Agents to take a limited look of
Subject Telephone in front of PAVIA.

10. PAVIA showed DEA Agents the Google map's location history from Subject Telephone.
PAVIA from the Google map's location history, showed to DEA Agents, the address
where he picked up the vehicle loaded with the drugs he was going to transport to
Colorado. Additionally, PAVIA showed DEA Agents from Subject Telephone, some
communications he had with the person he identified as co-conspirator about the
agreement he made to transport drugs.

11. PAVIA did not allow DEA Agents to look any further into Telephone and stated that he
had some personal conversations with the co-conspirator.

12. Based upon the information contained in this Affidavit, there is probable cause to believe
that Subject Telephone which belong to PAVIA, contains evidence of violations of 21
U.S.C. §§ 841(a)(1) and 846.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store
information for long periods of time.  This information can sometimes be recovered with
forensics tools.

14. *Forensic evidence.* As further described in Attachment B, this application seeks permission
to locate not only electronically stored information that might serve as direct evidence of
the crimes described on the warrant, but also forensic evidence that establishes how Subject
Telephone was used, the purpose of its use, who used Subject Telephone, and when.

15. There is probable cause to believe that this forensic electronic evidence might be on Subject
Telephone because:

a.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b.  A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of Subject Telephone, which is consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

17. *Manner of execution.*  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

18. Based on the above information, there is probable cause to believe that evidence of violations of 21 U.S.C. §§ 841(a)(1) and 846 are located in Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Leiby Gonzalez Rodriguez
Special Agent

Electronically submitted and telephonically
sworn to before me on August 13 , 2024:

Judge Jerry H. Ritter
United States Magistrate Judge

Page 7